| | |
|---|---|
| 1 | Henry L. Sanchez (SBN 176878) |
| 2 | Shaina L. Kinsberg (SBN 278618) |
|   | JACKSON LEWIS P.C. |
| 3 | 725 South Figueroa Street, Suite 2500 |
|   | Los Angeles, California  90017-5408 |
| 4 | henry.sanchez@jacksonlewis.com |
|   | shaina.kinsberg@jacksonlewis.com |
| 5 | Telephone:  (213) 689-0404 |
|   | Facsimile:  (213) 689-0430 |
| 6 | Attorneys for Defendant |
| 7 | XPO LOGISTICS FREIGHT, INC. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DAVIS, | **Case No.:** |
| Plaintiff, | |
| vs. | **DEFENDANT XPO LOGISTICS FREIGHT, INC.'S REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332 1441(a) and (b) (DIVERSITY)** |
| XPO LOGISTICS FREIGHT, INC.; XPO ENTERPRISE SERVICES, INC.; and DOES 1 through 100, Inclusive, | |
| Defendant. | |
| | [Filed concurrently with the Certification of Interested Parties, Civil Case Cover Sheet, Corporate Disclosure Statement, and Notice of Related Cases] |
| | State Complaint Filed:  January 25, 2019 |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF JOHN DAVIS AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant XPO Logistics Freight, Inc. ("Defendant"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(a) and (b) to remove this action from the Superior Court of California for the County of San Bernardino ("San Bernardino County Superior Court") based on diversity jurisdiction. In support thereof, Defendant avers the following:

## SERVICE AND PLEADINGS FILED IN STATE COURT

1. Plaintiff John Davis ("Plaintiff") filed an unverified Complaint against Defendant on January 25, 2019, in the Superior Court of the State of California, County of San Bernardino entitled *John Davis v. XPO Logistics Freight, Inc.; XPO Enterprise Services, Inc.*, Case No. CIVDS1902700 (the "Complaint"). A true and complete copy of Plaintiff's Complaint and other related court documents received by Defendant is attached hereto as Exhibit "A."

2. In the Complaint, Plaintiff asserts seven causes of action against Defendant for: (1) Perceived and/or Physical Disability Harassment, Discrimination and Retaliation in Violation of California Government Code §§12940 *et. seq.* (FEHA); (2) Harassment, Discrimination and Retaliation in Violation of California Government Code §§12945.2 *et. seq.* (CFRA); (3) Perceived and/or age harassment, discrimination and retaliation in violation of California Government Code §§12940 and 12941 *et seq.* (FEHA); (4) Violation of California Labor Code §§200 *et. seq.*(Wages and Overtime); (5) Violation of California Business and Professions Code §17200 *et. seq.*(Unfair Business Practices); (6) Retaliation and Wrongful Termination in Violation of Public Policy; and (7) Declaratory Relief (Permanent Injunction Requested).

///

///

3. On or about February 6, 2019, Defendant XPO Logistics Freight, Inc. was first served with Plaintiff's Summons, Complaint and Civil Case Cover Sheet. The Complaint did not specify the amount of damages sought or provide any information regarding the amount in controversy, other than that the amount in controversy exceeded $25,000, which is the jurisdictional limit for unlimited civil cases in California. California Code of Civil Procedure §§86, 88.

4. On March 7, 2019, Defendant filed its Answer to the Complaint in state court, making a general denial as permitted by California Code of Civil Procedure section 431.30(d), and asserting various affirmative defenses. A true and correct copy of Defendant' Answer is attached hereto as Exhibit "B."

5. Exhibits "A" and "B" constitute all the pleadings that have been filed in this action as of the date of the filing of this Notice of Removal.

## TIMELINESS OF REMOVAL

6. This Notice of Removal has been filed within thirty (30) days after Defendant XPO Logistics Freight, Inc. was deemed served with a copy of Plaintiff's Summons and Complaint upon which this action is based. *See Murphy Bros., Inc. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (actual service of process is the official trigger for responsive action by a named defendant, as opposed to receipt of complaint through other means). This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

## NOTICE TO ALL PARTIES AND STATE COURT

7. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal along with all supporting pleadings will be promptly served on Plaintiff's counsel and filed with the Clerk and the San Bernardino County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

///

///

## DIVERSITY OF CITIZENSHIP

8. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004).

9. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co*, 265 F.3d 853, 857 (9th Cir. 2001).

10. Defendant is informed and believes that Plaintiff was, at the time this action was commenced, and still is, a resident and citizen of the State of California. (See Complaint ¶ 1, Exhibit "A".)

11. Defendant is a corporation. A corporate defendant is a citizen of any state in which it is incorporated as well as the state where it maintains its principal place of business pursuant to 28 U.S.C. § 1332(c)(1). At the time the Complaint was filed in state court, and presently at the time of removal, Defendant is incorporated in another state. Defendant is a Delaware corporation with its principal place of business in Michigan. Defendant XPO Enterprise Services, Inc., which has not been properly served, is a Delaware corporation with its principal place of business in Delaware. Thus, if and when Defendant XPO Enterprise Services, Inc. is served, diversity jurisdiction is not compromised and removal is proper.

12. The United States Supreme Court has recognized that a corporation's "principal place of business" is determined by its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). A corporation can only have one "nerve center." *Id.* At 93-94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id.*

13. At the time Plaintiff filed his Complaint, as well as at the present time, Defendant's corporate headquarters is located in Michigan, where Defendant's primary executive, administrative, financial, and management functions are conducted and where most of Defendant's corporate officers direct, control, and coordinate Defendant's activities. The State of Delaware is where unserved Defendant XPO Enterprise Services, Inc.'s primary executive, administrative, financial, and management functions are conducted and where most of its corporate officers direct, control, and coordinate its activities. Therefore, both Defendants' primary operations are handled outside the State of California. As such, Defendant's principal place of business is in Michigan and unserved Defendant XPO Enterprise Services, Inc.'s principal place of business is in Delaware and thus each Defendant is a respective citizen of those states.

14. Defendant is not aware of any Doe Defendant having been served with a copy of the Summons and Complaint. The citizenship of Doe Defendant is disregarded for purpose of removal. 28 U.S.C. § 1441(a).

15. Based on the foregoing, there is complete diversity allowing removal by Defendant in that Plaintiff is a California citizen and Defendants are not. 28 U.S.C. §§ 1441, *et seq.*; *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1998).

**AMOUNT IN CONTROVERSY**

16. This action also meets the amount in controversy requirement. 28 U.S.C. § 1332(a) authorizes the removal of cases in which, among other factors above, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Without admitting that Plaintiff could recover any damages, Defendant assert that the amount in controversy in this action could exceed $75,000.00, exclusive of interest and costs.

17. In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp.

993, 1001, *citing Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (2002) 281 F.3d 837, 843, n.1, *citing Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3.

18. The amount in controversy may include general and special compensatory damages and attorney's fees that are recoverable by statute, such as the California Fair Employment and Housing Act ("FEHA") (Government Code §§12940 et seq.) at issue in this case. *Galt G/S v. JSS Scandinavia* (1998) 142 F.3d 1150, 1155-56 and *Goldberg v. CPC Int'l, Inc.* (1982) 678 F.2d 1365, 1367, cert. denied, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount). The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See e.g., Simmons v. PCR Technology* (2002) 209 F.Supp.2d 1029, 1035 (attorneys' fees in individual employment discrimination cases often exceed damages). Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. See *Galt G/S,* 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons*, 209 F.Supp.2d at 1035. At a conservative rate of $250 per hour, Plaintiff would reach the jurisdictional threshold of $75,000 in 300 hours. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIVS-13-0926 LKK/KJN (2013), U.S. Dist. LEXIS 130082 (E.D. Cal. Sept. 10, 2013) (estimating future attorney's fees using rate of $250 per hour). Indeed, Plaintiff's attorneys' fees alone will exceed $75,000 if the case proceeds to trial.

19. According to Plaintiff, he was a Shop Manager with Defendant and last employed by Defendant on February 1, 2017. (See Complaint ¶ 16, Exhibit "A".)

Therefore, Plaintiff at this point will seek at least two years of lost earnings. In 2016, Plaintiff earned approximately **$80,000** from Defendant. Thus, the amount in controversy is easily satisfied by virtue of Plaintiff's alleged lost earnings. Plaintiff also alleges four years of unpaid overtime violations. (See Complaint ¶¶ 72-95, Exhibit "A".)

20. Moreover, the Complaint itself concedes that Plaintiff seeks at least **$25,000** in damages because Plaintiff claims that as a result of Defendant' conduct, Plaintiff has been damaged "in an amount within the jurisdictional limits of this Court," which is more than $25,000. (Complaint, Exhibit "A".) The jurisdictional limit for unlimited civil cases in California is $25,000. California Code of Civil Procedure §§86, 88.

21. Punitive damages also are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n* (1963) 325 F.2d 785, 787. *See also Aucina v. Amoco Oil Co.* (1994) 871 F. Supp. 332, 334. According to the Complaint, Plaintiff seeks punitive damages. (See Complaint ¶¶ 30, 44, 70, 93, 106 and Prayer for Relief ¶15, Exhibit "A".)

22. Taken together, Plaintiff's potential recovery for lost wages, emotional distress damages, punitive damages and attorney's fees satisfy the jurisdictional prerequisite for establishing the amount in controversy. It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount if Plaintiff prevails at trial. Accordingly, the amount in controversy in this case exceeds the requirement under 28 U.S.C. §1332(a).

**DIVERSITY JURISDICTION IS SATISFIED**

23. This action may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, *et seq.* and 1446(b), because the action is between citizens of different states and, based on the facts and arguments set forth above, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

24. The notice of removal was filed within thirty (30) days of February 6, 2019, the date of service listed on Plaintiff's Complaint and Proof of Service. This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

## VENUE IS PROPER

25. Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) because the action was removed from the Superior Court of California for the County of San Bernardino and the Central District of California, Eastern Division, is the judicial district where the state action is pending. Further, the Central District of California is the judicial district of this Court in which the claims alleged in the Complaint arose.

26. For all the foregoing reasons, this Court has original jurisdiction of the Complaint under 28 U.S.C. §§ 1332 and 1441 *et seq*.

WHEREFORE, Defendant pray the above action now pending against it in the Superior Court of the State of California for the County of San Bernardino be removed to this Court.

DATED: March 8, 2019                     JACKSON LEWIS P.C.


By:   s/Henry L. Sanchez
      Henry L. Sanchez
      Shaina L. Kinsberg

      Attorney for Defendant
      XPO LOGISTICS FREIGHT, INC.

4840-8012-3273, v. 1